UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS LEE MOENCH,

    Petitioner,
                                        Civil No. 2:21-CV-12402
                                        HONORABLE SEAN F. COX

v.

JOHN CHRISTIANSEN,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Nicholas Lee Moench, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b) and (c). For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Ottawa County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was convicted of sexually assaulting his estranged wife. At the time of the assaults, defendant and the victim were married, but living separately. The prosecution presented evidence that defendant lured the victim into going out with him under the pretext that he was introducing her to a friend. Defendant and the victim went to a bar where they both had several drinks. The victim, however, felt more intoxicated than normal for the amount of alcohol that she consumed. The victim testified that defendant sexually penetrated her several times that night, she

1

did not consent, and she was physically unable to say no due to the alcohol. Several days later, after reporting the incident to the police, the victim made a call to defendant, which the police recorded. During that call, defendant admitted to several of the acts and to being aware that the victim had been physically helpless. He said that he had been trying to get the victim pregnant. Defendant testified in his own defense at trial and claimed that the victim consented to all of the acts, but had expressed regret the next morning. The jury found defendant guilty of two counts of CSC-III (finger to genital opening and penis to mouth), but not guilty of a third count of CSC-III (penis to genital opening).

*People v. Moench*, No. 347086, 2020 WL 2790196, at *1 (Mich. Ct. App. May 28, 2020),

*lv. den.* 507 Mich. 869, 953 N.W.2d 391 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Improper amendment to the charges denying Mr. Moench due process, violating his Fifth Amendment guarantee, and violating the "appraisal function" of the Sixth Amendment.

II. Mr. Moench was denied due process and a fair trial because of prosecutorial vindictiveness and prosecutorial misconduct.

III. The evidence of criminal sexual conduct 3rd degree is insufficient.

IV. Mr. Moench was denied due process and a fair trial by destruction of evidence favorable to the defense.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Discussion

**A. Claim # 1. The wrongful amendment of information claim.**

Petitioner first claims that he was denied the right to due process and a fair trial when the judge granted the prosecutor's motion to amend the information at trial. Petitioner argues that this late amendment of the information did not provide him with adequate notice of the charges against him and prejudiced his defense. Petitioner also claims that the decision to amend the information was based on perjured testimony.

3

Respondent contends that the claim is procedurally defaulted because petitioner failed to object at trial and thus did not preserve the issue.

Respondent is partially correct. Petitioner's counsel did object at trial to the amendment of the information and the Michigan Court of Appeals found this issue to be preserved. *People v. Moench*, 2020 WL 2790196, at *1. However, the Michigan Court of Appeals concluded that petitioner's claim that the amendment was based on perjured testimony was not preserved, because petitioner did not make that argument before the trial court. *Id.* Accordingly, this Court will address the merits of the amendment of information claim. The Court will address the perjured testimony claim in connection with petitioner's other procedurally defaulted claim, *infra*.

Petitioner was originally charged with three counts of third-degree criminal sexual conduct under a theory that the victim was physically helpless when petitioner sexually assaulted her. When petitioner rejected the prosecutor's offer to plead guilty to one count of third-degree criminal sexual conduct, the case was remanded back to the district court for a preliminary examination. After the preliminary examination, petitioner was bound over to circuit court on the original three counts of third-degree criminal sexual conduct as well as three additional counts of third-degree criminal sexual conduct based on a theory of force or coercion. On September 14, 2018, the circuit court judge granted petitioner's motion to dismiss the first three counts of third-degree criminal sexual conduct on the ground that the evidence at the preliminary examination did not support these counts because the victim testified that she was able to communicate "no" to petitioner. At trial, however, the victim testified that she had attempted to say "no," but it was difficult to get the word out. Following the victim's testimony, the prosecutor moved to amend the information to allege, in the alternative, third-degree criminal sexual conduct based on the theory that the victim was physically helpless. Petitioner's counsel objected to the amendment, arguing that he was only

4

prepared to defend against the charges based on force or coercion. The judge granted the motion to amend on the basis of the victim's testimony at trial that she was unable to say the word "no." The trial court ruled that adding the alternative counts did not impair petitioner's defense of consent. The judge concluded that petitioner was not prejudiced, the amendment was appropriate, and the jury would decide the facts of the case. *People v. Moench*, 2020 WL 2790196, at *2.

The Michigan Court of Appeals also rejected petitioner's first claim finding that:

> Contrary to defendant's assertion, the trial court issued its ruling permitting the amendment *before* defendant presented his case. Regardless, defendant fails to explain what alternative defense or evidence he was unable to present because of the late addition of the physically helpless theory. Given defendant's failure to identify any unfair surprise or prejudice, the trial court did not abuse its discretion by granting the motion to amend the information during trial.

*People v. Moench*, 2020 WL 2790196, at *2 (internal citations omitted, emphasis original).

A state criminal defendant has a due process right to be informed of the nature of the accusations against him. *Lucas v. O'Dea,* 179 F.3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F.2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas

5

proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). An alleged defect in a state court information or indictment is not constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. See *Roe v. Baker,* 316 F.3d 557, 570 (6th Cir. 2002). Moreover, a charging document need not give "notice of the exact method by which the criminal actions were alleged to have been committed." *Martin v. Kassulke*, 970 F.2d 1539, 1543 (6th Cir.1992).

"When reviewing amendments to state charging documents in habeas corpus proceedings, the federal courts focus on the questions whether the defendant was surprised by the amendment or otherwise prejudiced in his ability to defend himself at trial." *Rhea v. Jones*, 622 F. Supp. 2d 562, 583 (W.D. Mich. 2008)(citing *Tague v. Richards*, 3 F.3d 1133, 1141–42 (7th Cir. 1993); *Wright v. Lockhart*, 854 F.2d 309, 312–13 (8th Cir. 1988)). A claim of a variance between a criminal information and the evidence at the state court trial is not reviewable by way of federal habeas corpus. *Dell,* 194 F. Supp. 2d at 654.

Petitioner is unable to show that he was surprised by the amendment of the information or that he was prejudiced in his ability to defend himself at trial. As an initial matter, this Court notes that the judge did not reinstate the three additional third-degree criminal sexual conduct charges that he had originally dismissed. Instead, he permitted the prosecutor to amend the information with respect to the three third-degree criminal sexual conduct charges that remained so as to have these charges submitted to the jury on the theory of force or coercion and/or that the victim was physically helpless. Although several times the Michigan Court of Appeals referred to the prosecutor adding three additional "counts" of third-degree criminal sexual conduct in their opinion, the jury was instructed to consider only three counts of third-degree criminal sexual

conduct under the theory that petitioner used either force or coercion or that the victim was physically helpless. (ECF No. 6-12, PageID.1018-1021, 1026).

The Sixth Circuit in *Lucas v. O'Dea*, *supra*, held that "[a] modification at trial that acts to broaden the charge contained in an indictment constitutes reversible error." 417 F.3d at 416 (citing *Stirone v. United States*, 361 U.S. 212, 217–19 (1960)). There are two types of modifications to indictments—amendments and variances. *Id.* (citing *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989). The Sixth Circuit explained the difference between them as follows:

> An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*Id.* at 416-17 (quoting *United States v. Ford,* 872 F.2d at 1235 (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969))(emphases in original).

A constructive amendment occurs when a defendant is charged with a crime, but the trial court gives a jury instruction that permits conviction of a different crime. *Lucas,* 179 F.3d at 417. Such a variance "is sufficiently material to constitute a constructive amendment," and "a constructive amendment is *per se* prejudicial error." *Id.* Although "the federal guarantee of charge by indictment does not apply to the states," "a state prisoner petitioning for habeas corpus relief has a due process right to be informed of the nature of the accusations against him." *Id.*

In *Martin v. Kassulke*, *supra,* the habeas petitioner was charged in an indictment with being an accessory to a rape by forcible compulsion. The trial court's jury instruction, however, permitted the jury to find the petitioner guilty if the rape occurred as a result of forcible compulsion or as a result of the victim being incapable of consent due to being physically helpless. 970 F.2d at 1542.

7

The Sixth Circuit stated that "[t]he key question in determining whether [the] case involve[d] a variance or a constructive amendment [was] whether rape by forcible compulsion and rape due to physical helplessness should be seen as two alternative crimes or merely two alternative methods by which the one crime, rape, could have been committed." *Id.* at 1543. The Sixth Circuit opined that if the two theories were viewed as alternative methods of committing the same crime, then the addition to the charge would be a variance; but if an expanded definition contained in the jury instructions created a new offense not contained in the indictment, it would constitute an illegal constructive amendment. *Id.* at 1543-44.

The Sixth Circuit adopted the "one crime–two methods" approach taken by other courts and held that the difference between the indictment and the jury instruction in Martin's case was merely a permissible variance, not an actual amendment, because the statute under which Martin was charged provided only one offense with two different methods of commission. *Id.* at 1540, 1544-45. The Sixth Circuit also ruled that the difference between the indictment and the instruction did not prevent Martin from presenting a full defense, that it was not unfair to convict Martin even if the crime occurred under an alternative method, and that no prejudicial error occurred. *Id.* at 1546-1547.

Petitioner's case is more akin to *Martin* than *Lucas*. The trial judge permitted the amendment of the information to allege alternative methods by which the same crime, third-degree criminal sexual conduct, could be committed, namely force or coercion or physical helplessness. The difference between the original information and the jury instruction that was ultimately given amounted to a variance, not an illegal constructive amendment.

Furthermore, an accused's constitutional right to notice of the criminal charge or charges brought against him can be satisfied by other means. The Ninth Circuit has observed that neither

8

*Cole v. Arkansas, supra,* nor *In re Oliver, supra,* "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." *See Troches v. Terhune,* 74 F. App'x 736, 737 (9th Cir. 2003). Petitioner received adequate notice that the prosecutor was pursuing a third-degree criminal sexual conduct conviction under a theory that the victim was physically helpless. The victim's testimony at trial that she did not consent to the sexual acts and was unable to say no to petitioner was sufficient to afford petitioner adequate notice of the charges against him and the underlying theories supporting these charges. *See Bruce v. Welsh*, 572 F. App'x 325, 331 (6th Cir. 2014). Petitioner is not entitled to relief on this portion of his first claim.

### B. Claim # 2. The prosecutorial vindictiveness claim.

Petitioner next claims that he was subjected to prosecutorial vindictiveness when the prosecutor added three additional charges to the amended information after petitioner requested that the case be remanded for a preliminary examination.

The Michigan Court of Appeals addressed the claim as follows:

> According to defendant, the prosecution responded that, if the case were remanded for a preliminary examination, then it would add three additional charges.
>
> The prosecutor argued in response that she originally had proceeded under the theory that the victim was physically helpless, but after speaking with the victim, she wanted to make sure that the jury had the option of finding that force or coercion was used even if the jury was not convinced beyond a reasonable doubt that the victim was physically helpless. The prosecutor stated that the decision to add the theory of force or coercion was based on trial strategy, not vindictiveness. The trial court found that the prosecution had wanted to charge alternative theories and had acted properly after conducting additional investigation.
>
> ********************************************************************
>
> Defendant's claim that the timing and number of additional charges establishes actual and presumed vindictiveness is without merit. Neither the timing nor the addition of charges that are within the prosecution's charging discretion constitute sufficient evidence from which to presume vindictiveness. Furthermore…there is no record evidence of actual vindictiveness on the part of the prosecution. Defendant has failed to show objective evidence of hostility or a threat suggesting

> that he was deliberately penalized for exercising his rights. Rather, the prosecution explained that it wanted the jury to be able to consider alternative theories, each of which were supported by the evidence. Accordingly, defendant failed to establish prosecutorial vindictiveness or that he was denied due process or a fair trial.

*People v. Moench*, 2020 WL 2790196, at *4 (internal citation omitted).

It is "'patently unconstitutional'" for a prosecutor to pursue a course of action whose objective is to penalize a criminal defendant's reliance on his protected statutory or constitutional rights. *See United States v. Goodwin*, 457 U.S. 368, 372 n. 4 (1982)(quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). "A prosecutor vindictively prosecutes a person when he acts to deter the exercise of a protected right by the person prosecuted." *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.1991). Therefore, "a criminal prosecution which would not have been initiated but for vindictiveness is constitutionally prohibited." *Bragan v. Poindexter,* 249 F.3d 476, 481 (6th Cir. 2001)(citing *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir.1989)(quoting *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974)).

A criminal defendant may prove prosecutorial vindictiveness through one of two ways. First, a defendant may demonstrate "actual vindictiveness," by establishing "through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan,* 249 F.3d at 481 (citing *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987)(citing *Goodwin*, 457 U.S. at 380-81, 384 & n. 19)). This type of showing, however, is "exceedingly difficult to make." *Id.* (quoting *Meyer*, 810 F.2d at 1245).

Second, a defendant may show that in his particular case, there existed a "'realistic likelihood of vindictiveness'" for the prosecutor's action. *Bragan,* 249 F.3d at 481(quoting *United States v. Andrews,* 633 F.2d 449, 453 (6th Cir. 1980). "A court may only presume an improper vindictive motive when a reasonable likelihood of vindictiveness exists." *Id.* (citing *Goodwin*, 457 U.S. at 373). A habeas petitioner must show that (1) the prosecutor had "some 'stake'" in deterring

10

the petitioner's exercise of his rights and (2) that the prosecutor's conduct was somehow "unreasonable." *Id.* at 482.

The prosecutor sought to amend the information to add additional charges after petitioner rejected a plea bargain offer to plead guilty to one count of third-degree criminal sexual conduct. (ECF No. 6-8, PageID.308-09, ECF No. 6-15, PageID.1186). In *Bordenkircher v. Hayes*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against a criminal defendant who refuses to plead guilty to the offense or offenses for which he was originally charged. The Supreme Court ruled that in a plea bargaining situation, "there is no such element of punishment or retaliation as long as the accused is free to accept or reject the prosecutor's offer." *Id.* 434 U.S. at 363. Therefore, "the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Goodwin,* 457 U.S. at 382-83.

Furthermore, the prosecutor explain her reasoning for the amendment to the charges:

> And so for trial strategy reasons, I did the first three counts with physically helpless and the next three counts under force or coercion. I've had trials in the past where I've seen juries get conflicted on the "and-or", and so really it was a trial strategy reason and the testimony did come out as such that I -- it was not vindictive in any way.

(ECF No. 6-8, PageID.312).

Petitioner failed to show that the prosecutor's addition of three additional third-degree criminal sexual conduct charges under a theory of force or coercion was vindictive. The prosecutor was simply seeking to add an additional theory of criminal liability for the same acts of sexual penetration and not to punish petitioner for exercising his right to a preliminary examination. The prosecutor's decision to add three new third-degree criminal sexual conduct charges based on an alternate theory of force or coercion was appropriate and did not amount to prosecutorial

vindictiveness. *See, e.g., United States v. Peters*, 15 F.3d 540, 543, 546 (6th Cir. 1994) (Government's desire to clarify its theory of one defendant's role in alleged conspiracy to possess crack cocaine with intent to distribute rebutted defendant's showing of realistic likelihood of vindictiveness and justified superseding indictment charging defendants with controlling and making available enclosure for purpose of unlawfully storing and using crack cocaine).

Finally, any prosecutorial vindictiveness is rebutted by the fact that even after obtaining a bindover on the additional charges, the prosecutor re-offered petitioner the same plea bargain but petitioner rejected the offer. (ECF No. 6-8, PageID.308-09).  *See United States v. McCreary-Redd*, 407 F. App'x 861, 869 (6th Cir. 2010). Petitioner is not entitled to relief on his second claim.

**C. Claim # 3. The sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence to convict him of third-degree criminal sexual conduct.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

12

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

"Under Michigan law, a person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person, and force or coercion is used to accomplish the penetration." *Welsh v. Lafler*, 444 F. App'x 844, 854 (6th Cir. 2011)(citing Mich. Comp. Laws § 750.520d(1)(b)). "'Force,' for the purposes of this statute, 'encompasses the use of force against a victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without

13

regard to the victim's wishes.'" *Id.* (quoting *People v. Carlson*, 466 Mich. 130, 644 N.W.2d 704, 709 (2002)). A person is also guilty of third-degree criminal sexual conduct if he engages in sexual penetration and "knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless." *See Ahlers v. Schebil,* 994 F. Supp. 856, 873 (E.D. Mich. 1998)(citing Mich. Comp. Laws § 750.520d(1)(c)).

The Michigan Court of Appeals rejected petitioner's sufficiency of the evidence claim:

> In this case, there was sufficient evidence to support defendant's convictions of two counts of CSC-III (finger to genital opening and penis to mouth). The victim testified that, while driving home from the bar, defendant reached over the center console and put his finger in her vagina. She testified that she was half asleep and she tried to say no and move away. Defendant then stopped the car and got into the passenger's seat with the victim. After attempting to penetrate her vagina with his penis, defendant removed the victim from the car. The victim stumbled and fell on the ground. While on the ground, defendant put his penis in her mouth. The victim again tried to say no, but had difficulty getting the word out.
>
> The victim's testimony was sufficient to support defendant's two convictions of CSC-III under either the theory that force of (sic) coercion was used or that the victim was physically helpless. The jury could have concluded either that defendant overcame the victim through physical force, or that the victim was unconscious, asleep, or otherwise unable to communicate unwillingness to act. The victim's testimony was supported by the testimony of the sexual assault nurse examiner who opined that the victim's examination was consistent with her testimony. Furthermore, defendant's own statements during the call recorded by the police constituted evidence that the victim had not consented to the sexual acts and was physically helpless, but that defendant nonetheless engaged in the acts of sexual penetration.

*People v. Moench*, 2020 WL 2790196, at *5.

The Michigan Court of Appeals' rejection of the claim was reasonable, precluding relief.

Petitioner also argues that the verdict should be set aside because it was inconsistent, in light of the fact that the jury acquitted him of the third count involving penile-vaginal penetration.

Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); *see also Mapes v. Coyle*, 171 F.3d 408, 419-20 (6th Cir. 1999).

The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984). Furthermore, the fact that an inconsistent verdict might be the result of lenity on the part of the factfinder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.* Petitioner is not entitled to relief on his claim that the verdict was inconsistent.

Petitioner also argues that the evidence was insufficient to sustain his conviction because the victim's trial testimony that she was unable to say "no" to petitioner was contradictory to her preliminary examination testimony, where the victim testified that she said "no" to petitioner when he tried to assault her. Petitioner also says the evidence is insufficient to convict because the victim's testimony is uncorroborated.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-1145 (6th Cir. 1985).

Additionally, the victim's testimony was corroborated by the nurse examiner's testimony and petitioner's own admissions on the telephone call to the victim, which the police recorded. Even if the victim's testimony was uncorroborated, this would not render the evidence in this case

insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke,* 763 F.2d 821, 826 (6th Cir. 1985)). The victim's testimony that petitioner sexually penetrated her using force and coercion to accomplish the acts and/or that she was physically helpless was sufficient to sustain petitioner's third-degree criminal sexual conduct convictions. Petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on his third claim. See *Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

**D. Claims # 1 and # 4. The remaining claims are procedurally defaulted.**

Respondent contends that petitioner's first claim is at least in part procedurally defaulted and his fourth claim in total is defaulted.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual

16

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). The Sixth Circuit has noted that "where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018).

Respondent argues that a portion of petitioner's first claim and his fourth claim in its entirety are procedurally defaulted because petitioner failed to preserve the issues at trial by objecting and as a result, the Michigan Court of Appeals reviewed these claims only for plain error.

The Michigan Court of Appeals found that the portion of petitioner's first claim alleging that perjured testimony had been used to improperly amend the information was unpreserved and would be reviewed for plain error. *People v. Moench*, 2020 WL 2790196, at *1-2. The Michigan Court of Appeals likewise concluded that petitioner's fourth claim that the prosecutor had violated *Brady v. Maryland*, 373 U.S. 83 (1963) was unpreserved because petitioner had not alleged any *Brady* violation at the trial level. This claim was also reviewed for plain error. *Id.*, *6.

Michigan law requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines,* 460 Mich. 750, 761-64; 597 N.W.2d 130 (1999). Petitioner's remaining claims are procedurally defaulted because he failed to preserve them at the trial court level. The fact that the Michigan Court of Appeals engaged in plain error review of these claims is not a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's remaining claims for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner has offered no reasons for his failure to preserve his remaining claims at the trial level. Petitioner did not raise a claim of ineffective assistance of counsel, or any other reason, to

17

excuse the various procedural defaults. By failing to raise any claim or issue to excuse the procedural default, petitioner "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim (Claim # 3) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Petitioner is not entitled to relief on his remaining claims.

### IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right,

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### V. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated: October 18, 2022       s/Sean F. Cox
                              Sean F. Cox
                              U. S. District Judge